UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

-vs-

RON BRYANT,

                         Defendant.

_____

SCHEDULING ORDER

Case No. 07-CR-6047 CJS

The above named defendant has been arraigned on an indictment on July 31, 2007, in open Court pursuant to Fed.R.Crim.P. 10 and Local Rule 12.1, and entered a plea of not guilty pursuant to Fed.R.Crim.P. 11(a)(1). Following the arraignment, at a court appearance on July 31, 2007, the following schedule was agreed upon:

**I.**     <u>**Scheduling Order**</u>

    (1)     All voluntary discovery is due by **August 7, 2007.** Counsel is directed to provide voluntary discovery in accordance with Part II of this Order.

    (2)     All pretrial motions, both dispositive and non-dispositive, shall be filed by **September 7, 2007.** Defense motions should be filed in accordance with Part III of this Order.

    (3)     All responses to pretrial motions filed in accordance with the preceding paragraph shall be filed by **September 21, 2007**.

    (4)     Oral argument on any pretrial motions shall be heard on **September 26, 2007 at 2:00 p.m.** If no motions are filed by the date specified in I(2), counsel and defendant are, nonetheless, to be present for the purpose of

setting a firm trial date.

(5) Alternatively, the Court will set **September 26, 2007 at 2:00 p.m.** as the date and time for a plea, or if no plea is entered the Court will set a trial date at that time. If such plea is to be entered pursuant to a written plea agreement, such written agreement must be provided to the Court by **September 19, 2007 at 5:00 p.m.**, or the Court will not consider the agreement absent good cause shown upon formal written motion.

(6) The Court will not accept a plea pursuant to Fed. R. Crim. Proc. 11 (c)(1)(C) or a plea other than to all charges contained in the indictment after **September 26, 2007** absent good cause shown upon formal written motion.

## II. Voluntary Discovery

All counsel have agreed that prior to the filing of motions, the parties wish to engage in voluntary discovery and possibly pursue plea negotiations. In accordance with their request, the Court directs that:

(1) Unless excused by this Court pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, voluntary discovery shall include all items the government is required to provide pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and all items the defense is required to produce pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

(2) The government is specifically reminded of its obligation to disclose *Brady (Brady v. Maryland*, 373 U.S. 83 (1963)) and *Giglio* (*Giglio v. United States*, 405 U.S. 150 (1972)) material "in time for its effective use at trial or at a plea

proceeding." *In re United States (U.S. v. Coppa)*, 267 F. 3d 132, 146 (2d Cir. 2001) (citations omitted).  *See United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) ("The government's obligation to make such [*Brady*] disclosures is pertinent not only to an accused's preparation for trial but also to his determination of whether or not to plead guilty.  The defendant is entitled to make that decision with full awareness of favorable material evidence known to the government.").

(3)   Unless encompassed by the preceding paragraph, the expert witness disclosure requirements contained in Rule 16(a)(1)(G) and (b)(1)(C) of the Federal Rules of Criminal Procedure need not be produced  as part of voluntary discovery.  However, expert witness disclosure must be made no later than 45 days prior to trial.  Counsel are reminded that such disclosures <u>must</u> include a written summary that describes the expert witness' "opinions, the bases and reasons for those opinions, and the witnesses qualifications." *See* Fed. R. Crim. Proc. 16(a)(1)(G) and (b)(1)(C).

(4)   By the close of voluntary discovery, the government shall file with the Court and serve upon all counsel a notice pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure.  The notice shall specifically and separately list all items of evidence (including physical evidence, statements made to law enforcement and identification evidence) that may be subject to a motion to suppress.

### III. Motion Papers

(1) Defense counsel need not move for disclosure of evidence which has already been ordered disclosed under the terms of this Order.

(2) With respect to motions to suppress, defense counsel is advised that "boilerplate" motion papers, devoid of facts, seeking suppression of unspecified evidence or asserting generic claims of constitutional violations may be rejected by this Court.  The Sixth Amendment does not require counsel to file a suppression motion in every case "merely to vindicate their professional competence without regard for the grounds supporting such motions." *United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir. 1987). "It is sufficient that counsel exercise[] 'professional discretion in deciding whether there are sufficient grounds' to file a motion." *Id., quoting LiPuma v. Commissioner, Dep't of Corrs.*, 560 F.2d 84, 93 (2d Cir.), *cert. denied*, 434 U.S. 861 (1977).  Accordingly, motions to suppress must allege facts with sufficient detail and definiteness to allow this Court to conclude that issues of fact or law exist which require Court to consider the suppression motion or hold a fact-finding hearing to resolve disputed factual issues.  For example, with respect to alleged Fourth Amendment violations the motion papers must provide facts sufficient for this Court to conclude that the defendant had a cognizable expectation of privacy in the place searched. Failure to make such a showing risks denial of the suppression motion without a hearing.  *United States v. Ruggiero*, 824 F. Supp 379, 393-94

(S.D.N.Y. 1993), *aff'd*, 44 F.3d 1102 (2d Cir. 1995). *See also United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967)(suppression hearing properly denied where motion was supported only by affidavit of defense counsel).

(3)  All counsel are reminded of their continuing duty to disclose discovery material pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure.

### IV. Speedy Trial Exclusion Order

Defense counsel and government counsel have made a joint motion to exclude the period of time from the date of this order until the date motions are filed from the "speedy trial clock." In accordance with *United States v. Mejia*, 82 F.3d 1032, 1035-36 (11th Cir. 1996); *United States v. Hoslett*, 998 F.2d 648, 654-57 (9th Cir. 1993); *United States v. Crawford*, 982 F.2d 199, 203 (6th Cir. 1993); *United States v. Barnes*, 909 F.2d 1059, 1064-65 (7th Cir. 1990); *United States v. Wilson*, 835 F.2d 1440, 1444 (D.C. Cir. 1987); *United States v. Montoya*; 827 F.2d 143, 153 (7th Cir. 1987); *United States v. Jodoin*, 672 F.2d 232, 238 (1st Cir. 1982), the period of time from the date of this order until the date defense motions are due to be filed is excluded under 18 U.S.C. §3161(h)(1). In addition, the court finds that the government's and the public's interest in a speedy trial is outweighed by the defendant's interest in obtaining voluntary discovery and having sufficient time to review that discovery in order to frame appropriate motions. Therefore, the time period from the date of this order until the date motions are due to be filed is excluded under 18 U.S.C. §3161(h)(8)(A).

**If no motions are filed by the filing date set forth in paragraph I(2), the case shall be presumed to be ready for trial and the speedy trial exclusion set forth above**

**shall terminate as of that date. Therefore, the period of time from that date to the next scheduled court appearance, or until a plea agreement is presented to the Court for its consideration, will count against the speedy trial clock unless a request is made to calendar the matter for the Court to consider an interests of justice exclusion pursuant to 18 U.S.C. § 3161(h).**

**Any responsive papers which are not filed by the date set forth in paragraph I(3) will not be considered.**

**Any application for an adjournment with respect to a motion must be made in accordance with local rules of criminal procedure, Rule 12.2(c).**

Failure by any party to raise defenses or objections, or to make requests which must be made prior to trial at the time set forth in this scheduling order or prior to any extension made by the Court, shall constitute a waiver thereof. Fed.R.Crim.P. 12(f).

IT IS SO ORDERED.

Dated:  Rochester, New York
          August 1, 2007

                              ENTER:


                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge